Dear Ms. Steckler:
You ask substantially the following question:
May confidential information received by the county's inspector general pursuant to the county's whistle-blower's act be shared with the county's ethics commission without violating the confidentiality provisions of the whistle-blower's act?
In sum:
Confidential information received by the county's inspector general pursuant to the county's whistle-blower's act may be shared with the county's ethics commission only for the purpose of carrying out the commission's whistle-blower functions.
As related in your letter, the Palm Beach County Board of County Commissioners has adopted ordinances establishing a program of local ethics reform, including a Code of Ethics more stringent than its State counterpart. A local Commission on Ethics was created to enforce, interpret, and provide training regarding the new ethics code, as well as the creation of an independent Office of Inspector General "to detect misconduct involving abuse, corruption, fraud, waste, inefficiencies, and mismanagement relating to county business."[1]
You indicate that both the Inspector General and the Executive Director of the Commission on Ethics are identified, pursuant to their respective ordinances, as "appropriate local officials" for the purpose of providing whistle-blower protection under the act.[2]
You state that while the commission and the Inspector General carry out separate investigative processes, they both can investigate alleged government misconduct under the whistle-blower's act. You indicate that in many instances "misdeeds calling for investigation by one office leads to an investigation by the other." It would appear, therefore, that your question relates to the ability of the Inspector General to provide confidential information obtained from a whistle-blower complaint to the ethics commission for the commission to pursue an investigation under its duties to enforce the county's code of ethics.
The Whistle-blower's Act (act), sections 112.3187-112.31895, Florida Statutes, is intended to prevent agencies, or independent contractors of agencies, from taking retaliatory action against an employee who reports violations of law on the part of a public employer or an independent contractor.[3] It protects any individual "who discloses information to an appropriate agency alleging improper use of governmental office, gross waste of funds, or any other abuse or gross neglect of duty on the part of an agency, public officer, or employee."[4]
In order to qualify as a whistle-blower complaint, particular information must be disclosed to certain statutorily designated officials.[5] The act provides that for disclosures concerning a local governmental entity, such as a county, the information must be disclosed to a chief executive officer as defined in section 447.203(9), Florida Statutes, [6] or "other appropriate local official."
Section 112.3188(1), Florida Statutes, provides:
"(1) The name or identity of any individual who discloses in good faith to the Chief Inspector General or an agency inspector general, a local chief executive officer, or other appropriate local official information that alleges that an employee or agent of an agency or independent contractor:
(a) Has violated or is suspected of having violated any federal, state, or local law, rule, or regulation, thereby creating and presenting a substantial and specific danger to the public's health, safety, or welfare; or
(b) Has committed an act of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, or gross neglect of dutymay not be disclosed to anyone other than a member of the ChiefInspector General's, agency inspector general's, internal auditor's,local chief executive officer's, or other appropriate localofficial's staff without the written consent of the individual, unless the Chief Inspector General, internal auditor, agency inspector general, local chief executive officer, or other appropriate local official determines that: the disclosure of the individual's identity is necessary to prevent a substantial and specific danger to the public's health, safety, or welfare or to prevent the imminent commission of a crime; or the disclosure is unavoidable and absolutely necessary during the course of the audit, evaluation, or investigation." (e.s.)
Moreover, all information received in the course of a whistle-blower investigation is confidential and exempt, if the information is being received or derived from allegations as set forth in paragraph (1)(a) or paragraph (1)(b) [of section 112.3188(1)] and an investigation is active.[7] Thus, the act protects the identity of employees and persons who disclose information that can serve as the basis for a whistle-blower complaint, as well as information received in the course of a whistle-blower investigation.
Since the county has designated both the inspector general and the executive director of the county's ethics commission as appropriate officials to receive whistle-blower complaints, I cannot state that information received by one is prohibited from being shared with the other for purposes of coordinating the county's investigation of a whistle-blower complaint. However, I must conclude that such sharing would be required to occur within the context of a whistle-blower investigation and that it may not be shared with others for a purpose other than the processing of a whistle-blower complaint.[8]
Accordingly, it is my opinion that confidential information received by the county's inspector general pursuant to the county's whistle-blower's act may be shared with the county's ethics commission only for the purpose of processing a whistle-blower complaint, without compromising the confidentiality of the information.
Sincerely,
 Bill McCollum Attorney General
BM/tals
[1] See Letter of November (sic) 18, 2010, from Ms. Sheryl G. Steckler to Attorney General Bill McCollum.
[2] See s. 2-423, Art. XII, Inspector General, Palm Beach County Office of Inspector General Ordinance, Ord. No. 2009-049, s. 1 (December 15, 2009). Andsee s. 2-260(e), Div. 8, Commission on Ethics, Art. V, Code County of Palm Beach, Fla., providing the following public records exemption:
"The commission on ethics and its staff shall be considered "an appropriate local official" for the purposes of whistleblower protection provided for in Florida Statutes, s. 112.3188(1). With the exception of the initial complaint filed in a matter, all records held by the commission on ethics and its staff related to an active preliminary investigation are confidential and exempt from disclosure in a manner consistent with the provisions in Florida Statutes, s. 112.3188(2). Once a preliminary investigation is complete and a probable cause determination made, all other proceedings conducted pursuant to this subsection shall be public meetings within the meaning of Florida Statutes, ch. 286, and all other documents made or received by the commission on ethics shall be public records within the meaning of Florida Statutes, ch. 119."
See also Ops. Att'y Gen. Fla. 99-07 (1999) (county inspector general qualifies as "an appropriate local official" for purposes of the whistle-blower's act) and 96-40 (1996) (town ethics commission constitutes "an appropriate local official" for purpose of processing complaints under the whistle-blower's act).
It should be noted that this office does not interpret local codes and ordinances, but relies upon the facts presented in rendering a legal opinion.
[3] See s. 112.3187(3)(a), Fla. Stat., defining "Agency" as "any state, regional, county, local, or municipal government entity, whether executive, judicial, or legislative; any official, officer, department, division, bureau, commission, authority, or political subdivision therein; or any public school, community college, or state university."
[4] See s. 112.3187(2), Fla. Stat.
[5] See Op. Att'y Gen. Fla. 93-80 (1993) in which it was concluded that a complaint filed with the Office of the Public Counsel did not come within the scope of the Whistle-blower's Act so that the protections of the act would be extended to the complainant, nor would transferring a copy of the complaint to the Chief Inspector General transform the complaint into one made within the terms of the statute.
[6] Section 112.3187(6), Fla. Stat. See s. 447.203(9), Fla. Stat., stating that "`[c]hief executive officer' for the state shall mean the Governor and for other public employers shall mean the person, whether elected or appointed, who is responsible to the legislative body of the public employer for the administration of the governmental affairs of the public employer."
[7] Section 112.3188(2)(b), Fla. Stat. Seealso s. 112.3188(2)(c), Fla. Stat., providing an exception for the release of confidential and exempt information, when it is determined that disclosure of the information is absolutely necessary to prevent a substantial and specific danger to the public's health, safety, or welfare or to prevent the imminent commission of a crime, to persons who are in a position to prevent the public danger or to prevent the imminent commission of a crime based on the disclosed information.
[8] See Op. Att'y Gen. Fla. 98-37 (1998) (Whistle-blower's Act provides confidentiality for those records received while conducting an active investigation of a whistle-blower complaint; while the name or identity of the individual disclosing this information is confidential, the initial report of wrongdoing received by the municipality is a public record, since that information was received before an investigation was begun).Cf. Ops. Att'y Gen. Fla. 10-39 (2010) (when inspector general is investigating ethics complaints, public records and meetings exemptions for local ethics commissions in s. 2, Ch. 2010-130, Laws of Fla., apply; however, the exemptions in s. 112.324[2], Fla. Stat., do not extend generally to all investigations conducted by the inspector general) and 99-07 (1999) (exemption for internal audits contained in s. 119.07[3][y], Fla. Stat., would apply to the Miami-Dade Inspector General when conducting audits of county contracts pursuant to the county code).